LEE, C.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. Joseph Dewayne Johnson filed a petition to controvert with the Mississippi Workers’ Compensation Commission (Commission) on August 14, 2008, alleging he sustained a work-related injury to his knees on March 14, 2008. Johnson’s employer, Sysco Food Services (Sysco), and its carrier, New Hampshire Insurance Company, denied compensability. After a hearing, the administrative judge (AJ) denied benefits, finding insufficient proof to establish a causal connection between Johnson’s injury and employment. The full Commission affirmed the AJ’s order denying benefits.
¶ 2. Johnson now appeals, asserting the Commission erred in denying him workers’ compensation benefits.
FACTS
¶ 3. Johnson was a delivery-truck operator with Sysco. Johnson testified that on March 14, 2008, he was walking down the ramp of the delivery truck and began suffering pain in his knees. Johnson did admit that his knees had begun hurting in *161 February 2008 and had steadily worsened. Johnson attempted to correct the situation with knee braces and over-the-counter medicine. After suffering the pain in his knees on March 14, Johnson sought treatment the following day at th Central Mississippi Medical Center (CMMC) emergency department. According to hospital records, Johnson presented with right-knee pain, which he stated had begun two weeks prior when he was running. Johnson denied any history of trauma to his right knee. The records do not contain any mention by Johnson of left-knee pain or injury.
¶4. Dr. Gary McCarthy, an orthopedic surgeon, examined Johnson on March 31, 2008. Dr. McCarthy diagnosed Johnson with internal derangement of his right knee. A scan of Johnson’s right knee revealed a medial meniscus tear. Dr. McCarthy opined that based on Johnson’s description of the injury and his work duties, Johnson’s right-knee injury was “most likely” work related. Dr. McCarthy could not state whether Johnson’s left-knee injury was work related. Johnson’s final appointment with Dr. McCarthy was May 9, 2008.
¶ 5. Dr. Howard T. Katz, a physiatrist, conducted an independent medical evaluation of Johnson on July 13, 2009. Dr. Katz noted “there has been no specific injury to [Johnson’s] right or left knee that is documented well in the medical records,” but “[biased on the history by [Johnson,] he injured his knees in early 2008 at work.” Dr. Katz opined Johnson had reached maximum medical improvement for both knees. Dr. Katz assigned Johnson’s right knee a one percent impairment rating and his left knee a zero percent impairment rating.
¶ 6. Johnson was also examined by Dr. David Gandy, an orthopedic surgeon, on May 5, 2010. Dr. Gandy initially believed Johnson suffered a work-related injury to his right knee but not his left knee. After reviewing all of Johnson’s medical records, Dr. Gandy amended his opinion to conclude that Johnson’s right-knee injury was not work related. Dr. Gandy stated it was “not within a reasonable degree of medical probability that the right knee was causally related to the described on-the-job injury.”
STANDARD OF REVIEW
¶ 7. “This Court’s scope of review in workers’ compensation cases is limited to a determination of whether the decision of the Commission is supported by substantial evidence.” Whirlpool Corp. v. Wilson, 952 So.2d 267, 271 (¶ 15) (Miss.Ct.App.2006). “The Commission sits as the ultimate finder of fact; its findings are subject to normal[] deferential standards upon review.” Id. We will only reverse the Commission’s ruling when its findings of fact are unsupported by substantial evidence- or the decision was arbitrary and capricious. Id. “Matters of law are reviewed under the de novo standard of review.” Westmoreland v. Landmark Furniture, Inc., 752 So.2d 444, 448 (¶ 8) (Miss.Ct.App.1999).
DISCUSSION
¶ 8. The two issues raised by Johnson are essentially the same — whether the Commission erred in denying him workers’ compensation benefits. Mississippi’s workers’ compensation statutes compensate an injury “arising out of and in the course of employment without regard to fault which results from an untoward event or events, if contributed to or aggravated or accelerated by the employment in a significant manner.” Miss.Code Ann. § 71-3-3(b) (Rev.2011). The term “arising out of employment” simply means there is a “causal connection between the *162 employment and the injury.” Singley v. Smith, 844 So.2d 448, 453 (¶ 20) (Miss.2003). One is injured in the course of employment when an injury results from activity actuated partly by a duty to serve the employer or reasonably incident to the employment. Id.
¶ 9. Johnson must prove by a preponderance of the evidence that he suffered “an accidental injury arising out of and in the course of his employment!,] and a causal connection between the injury and the claimed disability.” S. Miss. Elec. Power Ass’n v. Graham, 587 So.2d 291, 294 (Miss.1991) (citation omitted). Furthermore, Johnson must “establish every essential element of the claim!,] and it is not sufficient to leave the matter to surmise, conjecture!,] or speculation.” Id. Johnson’s claim of injury and assertions as to the cause of the injury are convoluted, at best. Johnson allegedly developed knee pain in February 2008 but failed to seek medical treatment until March 15, 2008. Johnson waited until May 2008 to report the injury to Sysco. While seeking treatment for his knee pain, Johnson told a nurse at CMMC that he had injured his knee while running, and denied any work-related injury.
¶ 10. The AJ found the medical testimony is also insufficient to establish a work-related injury. Dr. McCarthy admitted he determined Johnson’s injury was “most likely” work related due to the medical history given to him by Johnson. Dr. McCarthy also opined that twisting would have caused Johnson’s right-knee injury but noted there was no record of any specific trauma to Johnson’s knees. Dr. Katz noted the medical records did not contain sufficient documentation of a right- or left-knee injury. Dr. Gandy ultimately determined Johnson’s injuries were not work related. The Commission agreed with the AJ’s findings, and we find this decision was supported by substantial evidence.
¶ 11. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.